IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax Exemption

CHRISTIAN CHURCH HOMES OF )
OREGON dba Olive Plaza Apt., )
 )
        Plaintiff, ) TC-MD 140369C
 )
   v. )
 )
LANE COUNTY ASSESSOR, )
 )
        Defendant. ) **FINAL DECISION**

This Final Decision incorporates without change the court's Decision, entered July 30, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiff appeals Defendant's September 16, 2014, denial of its application for property tax exemption for property identified as Account 1295318 (subject property) for the 2014-15 tax year. A trial by telephone was held on June 15, 2015. Patrick Patterson, Property Manager, Viridian Management (Viridian), appeared on behalf of Plaintiff. Marc Kardell, attorney at law, Kardell Law Office P.C., appeared on behalf of Defendant. Plaintiff's Exhibits 1 through 5 were received without objection. Defendant's Exhibits A through C were received without objection.No exhibits were received from either party.

## I. STATEMENT OF FACTS

The parties submitted joint Stipulation of Facts on June 5, 2015, signed by the representatives that same day. Plaintiff is "a corporation sponsored by the National Benevolent Association of Christian Church (Disciples of Christ)." (Stip Facts at 1.) Plaintiff "holds legal title" to "Olive Plaza (subject property) * * * a 150 unit apartment project for the elderly * * * located in Eugene, Oregon." (*Id*.) The subject property was "constructed in 1979-80." (*Id*.)

The subject property "operat[es] under Section 202 of the National Housing Act." (*Id*.) Plaintiff "had a property tax exemption under ORS 307.2[4]2 from 2001 through 2012." (*Id*.) Plaintiff "changed property management companies on February 1, 2014, to Viridian Management." (*Id*.) Viridian learned of the requirements for filing an application under ORS 307.242 after the April 1 deadline. (*Id*.) Viridian submitted an application for exemption for the 2014-15 tax year on April 14, 2014. (*Id*.) "A denial letter was issued on September 16, 2014[,] from [Defendant's] Office stating [that] the application had not been filed [by] the April 1, 2014 deadline." (Stip Facts at 2).

At trial, the parties focused on the meaning of the words "may not" as they appear in subsection (2) of ORS 307.242. (*See also* Stip Facts at 2.)  Plaintiff argued that the use of the words "may not" instead of "shall not" indicate that there is no absolute bar preventing a county assessor from considering a late application for exemption. Plaintiff stated that ORS 307.242, unlike other exemption statutes—such as ORS 307.112 and ORS 307.166—does not contain a late filing provision. [1] (*See* Ptf's Exs 2, 3.)  In addition, Plaintiff asserted that the other exemption statutes use the words "shall not" instead of "may not." (*Id*.)  Plaintiff argued that the combination of "may not" and the lack of a late filing provision in ORS 307.242 indicated that the legislature intended that there be some flexibility for the assessor when reviewing a late application for exemption under ORS 307.242(2).

Defendant agreed with Plaintiff that ORS 307.242 does not contain a late filing provision. Defendant argued that the words "may not" were equivalent to "shall not" under ORS 174.100(4), which is the definitional section within chapter 174, enacted by the legislature to

---

[1] ORS 307.112 allows an exemption for a nonexempt organization leasing to an exempt entity. ORS 307.166 allows an exemption for property leased from one exempt institution to another.  Both sections contain application requirements.

give guidance to the court's in interpreting statutes. Defendant argued that both phrases (shall not and may not) were absolute prohibitive bars preventing an assessor from considering a late application for exemption under ORS 307.242.

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to consideration of its application for exemption when it filed its application after the April 1 deadline provided in ORS 307.242.[2]

### A. *Statutory Requirements*

In all proceedings before the tax court, the party seeking affirmative relief carries the burden of proof. ORS 305.427. Plaintiff is the party seeking affirmative relief and therefore must prove its case by "a preponderance of the evidence, which means 'the greater weight of evidence, the more convincing evidence.'" *Yarbrough v. Dept. of Rev.*, 21 OTR 40, 44 (2012) (quoting *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971)). If the presented evidence is "inconclusive or unpersuasive", then Plaintiff "will have failed to meet [its] burden of proof." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

ORS 307.242 provides in relevant part:

"(1) Upon compliance with this section, whenever a corporation * * * is receiving or has received any federal or state financial assistance * * * under the following federal or state laws, the property owned or being purchased by that corporation in actual use for corporate purposes or in the process of construction for use for corporate purposes on January 1 of the assessment year is exempt from ad valorem taxation:

"(a) Section 202 of Title II of the National Housing Act (12 U.S.C. 1701q).

\* \* \* \* \*

"(2) A corporation claiming the exemption under subsection (1) of this section

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013, unless otherwise noted.

shall file with the county assessor * * * a written claim * * * on or before April 1 of each assessment year for which the exemption is claimed. If the claim for any year is not filed within the time specified, the exemption *may not* be allowed on the assessment roll for that year.

* * * * *

"(3) Notwithstanding subsection (2) of this section:

"(a) If the property qualifies for exemption on or after March 1 and before July 1, the claim may be filed within 30 days after the date of qualification.

"(b) A statement may be filed under this section at any time prior to September 15 of the assessment year for which exemption is first desired. However, any statement filed after the time for filing the statement specified in subsection (2) of this section, unless filed under paragraph (a) of this subsection, must be accompanied by a late filing fee of the greater of $200 or one-tenth of one percent of the real market value of the property to which the statement pertains, * * * . If the statement is not accompanied by the late filing fee or if the late filing fee is not otherwise paid, no exemption shall be allowed for the year based upon a statement filed pursuant to this subsection."

ORS 307.242 (emphasis added).

The objective when interpreting a statute is to determine what the legislature intended when the statute was drafted. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Text and context are considered first, then the statute's legislative history if there is ambiguity, or at the court's discretion. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). The court may assign whatever weight to the statute's legislative history it deems appropriate. *Id*.

B. *Exemption Filing Deadline Under ORS 307.242(2)*

"May not" has been defined by Oregon statute. "May not and shall not are *equivalent expressions of an absolute prohibition*." ORS 174.100(4) (emphasis added). There is no difference between a statute that uses "may not" and one that uses "shall not"; both signal that the desired outcome—here an exemption—is prohibited. As such, ORS 307.242(2) expressly

prohibits granting an exemption if the application was filed after April 1 of the tax year for which the exemption was sought. Plaintiff's argument that the use of "may not" implies flexibility is not persuasive. The text of ORS 307.242(2) and ORS 174.100(4) forecloses that possibility. Plaintiff offered no persuasive evidence or argument in support of its interpretation. However, this conclusion does not end the court's inquiry.

C.  *ORS 307.242(3)(a), (b) Late Filing Provisions*

The parties did not address ORS 307.242(3), which provides Oregon taxpayers two means to file for an exemption after the April 1 deadline found in subsection (2). The first, under ORS 307.242(3)(a) states that "[i]f the property qualifies for exemption on or after March 1 and before July 1, the claim may be filed within 30 days after the date of qualification." That provision applies to taxpayers who purchase new property or whose property first becomes eligible during the March through July timeframe. The subject property is not new; it was constructed in 1979-80. (Stip Facts at 1.) It is also not newly acquired property or property that Plaintiff previously owned that became eligible after March 1; Plaintiff sought and received exemption for the subject property from 2001 through 2012. (*Id.*) The only recent change has been the hiring of Viridian as the property manager, which is not sufficient to trigger requalification under ORS 307.242(3)(a). As such, the provisions of subsection (3)(a) do not apply in the present case.

The second avenue for late filing under ORS 307.242(3)(b) allows the taxpayer to apply for an exemption "any time prior to September 15 of the assessment year" for which the exemption is being claimed. "However, any statement filed after the time for filing the statement specified in subsection (2) of this section, *unless filed under paragraph (a) of this subsection,* must be accompanied by a late filing fee of the greater of $200 or one-tenth of one percent of the

real market value of the property * * *." ORS 307.242(3)(b) (emphasis added). The text of ORS 307.242(3)(b) was added by the passage of Senate Bill 253 in 1995. Or Laws 1995, ch 300, § 2. The legislative history demonstrates that the legislature intended to create a late filing period for organizations that failed to file for the exemption by the April 1 deadline. Tape recording, Senate Committee on Government Finance and Tax Policy, SB 253, Feb 8, 1995, Tape 28, Side B (statement of Steve Meyer, Legislative Revenue Officer) (discussing intent and purpose of SB 253; moved to Senate floor without amendment with a do pass recommendation). *See also* Tape recording, House Committee on State and School Finance, SB 253, May 3, 1995, Tape 205, Side B  (statement of Steve Meyer, Legislative Revenue Officer) (discussing intent and purpose of SB 253; moved to House floor without amendment with a do pass recommendation); Minutes, House Committee on State and School Finance, May 3, 1995, 4.

Here, Plaintiff did not provide any evidence to show that it submitted a late filing fee with its April 14 exemption application for the 2014-15 tax year. As such, Plaintiff has not shown that it complied with the late filing provisions of ORS 307.242(3)(b).

III.  CONCLUSION

The court concludes Plaintiff is not entitled to property tax exemption under ORS 307.242 because Plaintiff's application was untimely under subsection (2) and Defendant did not have discretion to grant the exemption under that subsection. Moreover, Plaintiff has failed to prove that it met the requirements for late filing under subsection (3) of ORS 307.242, allowing for the filing of applications after the April 1, deadline. Now, therefore,

/ / /

/ / /

/ / /

FINAL DECISION  TC-MD 140369C                                                                                     6

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for property tax exemption is denied.

Dated this ____ day of August 2015.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on August 17, 2015.*